**UNITED STATES of America,**
**Plaintiff,**

v.

**Rondell L. CROSS, Jr., Robert G. Brown, II, John L. Crouse, Terry Rhoades, Vicky L. Strickland and Aaron C. Koons, Jr., Defendants.**

Nos. IP 99–0015–CR–03–T/F, IP 99–0015–CR–06–T/F, IP 99–0015–CR–04–T/F, IP 99–0015–CR–07–T/F, IP 99–0015–CR–05–T/F, IP 99–0015–CR–08–T/F.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 1, 2000.

Christina McKee, Office of the U.S. Attorney, Indianapolis, IN, for plaintiff.

Kevin McShane, Mark Inman, Andrew Maternowski, Richard Kempf, Indianapolis, IN, Richard Kammen, McClure & Kammen, Indianapolis, IN, Linda Wagoner, Indiana Federal Community Defender, Indianapolis, IN, for defendants.

### Entry on Government's Objection to Expert Testimony of Michael Alexander

TINDER, District Judge.

Defendant Strickland has identified attorney Michael Alexander as an expert witness she intends to call at trial. "Defendant Vicky Strickland's Summary of Expert Witness Testimony" states that he "will offer expert testimony based upon the law of the State of Indiana that the video gaming devices of the type rented by Muncie Coin to its customers are not illegal gambling devices in the State of Indiana." Her summary adds that because the government attorneys interviewed Mr. Alexander, a more complete description of his testimony will not be provided absent specific request.

The government objects to the expert testimony of Mr. Alexander. It argues that it is unaware of his qualifications, if any, to testify as to the attributes of video gaming devices and that Ms. Strickland has provided no information to establish that he is so qualified. It also argues that expert opinion is not admissible on an ultimate issue of law.

Though Ms. Strickland's expert witness summary appears to offer Mr. Alexander as an expert witness only on a legal issue, her response to the government's objection indicates that he will testify that the video gaming devices "are games of skill both in fact and under the law of the State of Indiana." Thus, it appears that she offers his testimony both on an issue of fact and issue of law. The court considers whether Ms. Strickland has shown Mr. Alexander to be qualified to testify as an expert witness on both issues.

Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, which governs disclosure and inspection of expert witnesses, provides in relevant part that "the defendant shall, at the government's request, disclose to the government a written summary of testimony the defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial ... if the defendant requests disclosure under subdivision (a)(1)(E) of this rule and the government complies...." FED.R.CRIM.P. 16(b)(1)(C)(i). The written summary "shall describe the witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications." *Id.* The court issued a series of scheduling orders in this case to expedite discovery which might otherwise generate a spate of time consuming discovery motions. In issuing such orders, the court presumed that all such requests had been made. Neither the prosecution nor the defense objected to these procedures or their implicit presumptions. Consequently, in ruling on this objection, the court will continue to presume that both the defense and the government made expert disclosure requests.

"[M]erely being a lawyer does not disqualify one as an expert witness." *Askanase v. Fatjo*, 130 F.3d 657, 672 (5th Cir.1997). However, a lawyer may not testify as an expert to purely legal matters. *See, e.g., Askanase*, 130 F.3d at 672–73;[1] *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir.1988); *Harbor Ins. Co. v. Continental Bank Corp.*, 922 F.2d 357, 366 (7th Cir.1990); *cf. United States v. Sinclair*, 74 F.3d 753, 758 n. 1 (7th Cir.1996) ("Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues that will determine the outcome of a case. That is, they cannot testify about legal issues on which the judge will

---

1. This case recognized that a lawyer could testify as to questions of fact involved in legal matters. *Id.* at 672–73. For example, a lawyer could testify that language in a boilerplate contract was standard. *Id.* at 673.

instruct the jury."); *Bammerlin v. Navistar Int'l Transp. Corp.*, 30 F.3d 898, 900 (7th Cir.1994). As the *Specht* court explained:

> [I]t must be posited as an *a priori* assumption [that] there is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge.

*Specht,* 853 F.2d at 807. As another court put it: "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Washington Metropolitan Area Trans. Auth.*, 112 F.3d 1207, 1213 (D.C.Cir.1997).

The *Specht* decision is particularly informative. The case involved a warrantless search. The plaintiff's expert witness testified that warrantless searches were unlawful, that the defendants committed a warrantless search, that the only possible exception was unavailable, and that the acts of an individual could be imputed to the accompanying officer under Section 1983. 853 F.2d at 808. The court held that the testimony was inadmissible and would be harmful to the jury. *Id.* at 808–09. The court reasoned that there is a significant difference between an attorney giving his opinion about the law which governs a case and any other expert. "While other experts may aid a jury by rendering opinions on ultimate issues, our system reserves to the trial judge the role of adjudicating the law for the benefit of the jury." *Id.* First, the jury may believe that the expert is more knowledgeable on the law than the judge and may adopt the expert's conclusion rather making its own decision. *Id.* The court continued:

> [O]ne is constrained to ask why it is helpful to the jury to present expert testimony on the law if the witness himself states, as he did here, that anything he says is subject to correction by the judge. Is this not more confusing than

helpful? The question is rhetorical and stands as further example why a lawyer's testimony on ultimate issues of law is improper.

*Id.* at 809 n. 4; *see also Burkhart,* 112 F.3d at 1212 (stating that "[e]xpert testimony that consists of legal conclusions cannot properly assist the trier of fact" either in understanding the evidence or determining a fact in issue). Second, if an expert witness were permitted to testify to legal questions, then each side would find an expert who would state the law most favorable to its position and, such differing opinions regarding the applicable law would serve only to confuse the jury. *Id.* at 809.

In *Harbor Insurance Company* the defendant on appeal argued the district court erred in allowing a lawyer to testify for the plaintiffs as an expert witness on the meaning of "indemnity" in the bank's charter. 922 F.2d at 365. The Seventh Circuit stated that a lawyer experienced in indemnification matters would be a proper witness to testify as to the probable meaning of the charter, but the lawyer testifying in the case based his opinions on his legal research of "indemnity." *Id.* at 366. The court concluded the district court erred in allowing the lawyer to testify to the legal meaning of indemnification. *Id.* at 367. The court reasoned:

> By allowing the insurance companies' witness to tell the jury what the witness's legal research had turned up on the meaning of a key term in the case, the judge allowed the jury to infer that it could look to that witness for legal guidance; and by doing this the judge impermissibly tilted the balance of power between the parties toward the insurance companies.

*Id.* at 366.

Further, the court is guided by Rule 704 of the Federal Rules of Evidence. The rule allows an expert to testify as to "an ultimate issue to be decided by the trier of

fact." Fed.R.Evid. 704. But as the advisory committee's notes state:

> [t]he abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day.... Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

Fed.R.Evid. 704 advisory committee note (1972) (citation omitted).

■ Following these authorities, Mr. Alexander may not offer an expert opinion, based upon the law of the State of Indiana, that the video gaming devices of the type rented by Muncie Coin to its customers are not illegal gambling devices in the State of Indiana (or federal law, for that matter). This opinion is offered on an ultimate question of law, which encroaches upon the court's authority to instruct the jury on the law, see *Specht*, 853 F.2d at 807, and would allow the jury to infer that it could look to Mr. Alexander for legal guidance. The opinion would not be helpful to or assist the trier of fact in deciding any issue before it, see *id.* at 808, particularly since the undersigned will instruct the jury on the law to be applied to the facts of this case. As the *Specht* court stated, "testimony which articulates and applies the relevant law ... circumvent's the jury's decision-making function by telling it how to decide the case." *Id.* Mr. Alexander is no more qualified than the jury to apply the applicable law, as given to them by the court, to the evidence presented in the case and thus determine whether any of the Defendants are guilty of the crime or crimes with which they are charged. The government's objection to Mr. Alexander's testimony on whether, based upon Indiana law, the video gaming devices of the type rented by Muncie Coin to its customers are illegal gambling devices is well-taken.

■ Next, the court considers whether Mr. Alexander may testify as an expert witness on matters of fact concerning the video gaming devices of the type rented by Muncie Coin. On this matter, the court finds Ms. Strickland's expert summary and proffer of Mr. Alexander's testimony insufficient. First, Ms. Strickland points to Mr. Alexander's former positions of prosecutor and sheriff as his expert qualifications. Both of these positions suggest qualification and/or experience, if any, to render an opinion regarding the ultimate legal question of whether the video gaming devices are legal under Indiana law. No inference can be reasonably made that these positions elevate Mr. Alexander to the level of an expert on factual matters regarding the video gaming devices, particularly as to how the devices work or whether they are games of skill. Mr. Alexander's "affidavit" suggests that his expertise may be grounded in his "experience". It states that in preparation for his representation of John Neal in Neal's replevin action, he "research[ed] ... the operation of video gaming machines," (Alexander "Aff." ¶ 5), and "Neal was forthright with me concerning the way in which gambling devices were operated." (*Id.* ¶ 9.) The latter statement suggests that Mr. Alexander's opinion as to how the devices work or whether they are games of skill is based solely on what Neal told him. But even the "affidavit" is short on providing sufficient information upon which the court could conclude that Mr. Alexander qualifies as an expert witness regarding factual matters regarding Muncie Coin's video gaming devices.[2]

---

2. Mr. Alexander does not state he researched   video gaming devices of the type owned and

Ms. Strickland suggests that the government attorneys "interviewed" Mr. Alexander. The court is skeptical that those attorneys actually interviewed Mr. Alexander.[3] Even if they had, an interview does not take the place of the required expert disclosures. In addition, the court was not present during any interview of Mr. Alexander and, therefore, cannot make the determination that he is qualified to testify as an expert on the basis of anything said or done during such interview. Further, anything said during the interview falls far short of Rule 16's requirement of a written disclosure.

Though the government substantially complied with Rule 16 and the court's discovery orders regarding experts, Defendant Strickland's summary of expert witness testimony is falls well short of the mark. Her expert witness summary fails to provide a curriculum vitae for Mr. Alexander, fails to show why he should be qualified as an expert-whether through knowledge, skill, education, experience, etc.-, wholly fails to describe the bases and reasons for his opinions, and offers only a hint of his anticipated testimony-that the video gambling devices are not illegal. The court concludes that Ms. Strickland has not offered a sufficient basis upon which Mr. Alexander could be qualified as an expert witness. Accordingly, the government's objection to expert witness notice of Strickland for Michael Alexander is SUSTAINED. Michael Alexander may not be called to testify as an expert witness in the trial of this cause.

ALL OF WHICH IS ORDERED this 5th day of September 2000.

rented by Muncie Coin or that Neal's devices were similar to those of Muncie Coin.

**3.** The court notes that the government represents that the only discussions had with Mr. Alexander were in the context of his representation of John Neal.